IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF MARGARET KRANZ, AS ADMINISTRATRIX, ETC., OF JULIA A. KRANZ, DECEASED.

*Practice — power of a surrogate to send back the report of a referee, with instructions to take additional testimony — Code of Civil Procedure, sec. 2481.*

The power conferred upon a surrogate by section 2481 of the Code of Civil Procedure "to open, vacate, modify, or set aside, or to enter, as of a former time a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause," * * * can "be exercised only in a like case, and in the same manner as a court of record and of general jurisdiction exercises the same powers," and the same strictness should, in this respect, be observed by the surrogate as is observed in the Supreme Court.

APPEAL from an order of the Surrogate's Court of Albany county, sending the report of the referee, in this matter, back to him, with instructions to hear the testimony of twelve or more additional witnesses, and to make another report thereupon.

Margaret Kranz, the administratrix of Julia A. Kranz, deceased, was the general guardian of said Julia, from the time she was three years of age until her death, a period of about fourteen years. The petitioner, Mary J. Freeberthyser, a half sister of said Julia, petitioned, in April, 1884, for a judicial settlement of the accounts of said Margaret Kranz, as administratrix and guardian of said Julia, and said administratrix duly filed her account as such administra-

trix and guardian May 24, 1884, in the Surrogate's Court of Albany county. The petitioner objected, in writing, to said account, and on the 21st of June, 1884, the surrogate made and entered an order, referring the matter to a referee, to examine said account and the objections thereto, "*and to hear and determine* the questions arising upon the settlement of said account;" and also directing said Margaret Kranz to attend before said referee and be examined, under oath, touching her disbursements and receipts on account of said estate.

Hearings were had, from time to time, before said referee, from July 14, 1884, to February 14, 1885, inclusive, when the hearing was closed, and the referee held the matter and did not file his report in the Surrogate's Court until June 14, 1886.

On July 2, 1886, the petitioner, by her attorney, served a copy of the report of the referee upon the attorneys for the administratrix, with notice thereon indorsed of the time of filing said report in the Surrogate's Court.

On July 12, 1886, the attorneys for the administratrix served affidavits and notice of motion to send the matter back to the referee for further hearing, and this motion was argued July fifteenth, and the order in question granted July 31, 1886.

The reasons given by the administratrix for asking to send this matter back to the referee for a further hearing and report, were substantially that she had discovered vouchers, which had been mislaid, and that she desired to call eight or ten witnesses, who would give material evidence, whom she had omitted to call upon the former hearing by oversight.

*John T. McDonough*, for the petitioner Mary J. Freeberthyser, appellant.

*Van Alstyne & Hevenor*, for the administratrix, respondent.

LANDON, J.:

Power is conferred upon the surrogate by section 2481 of the Code, subdivision 6, "to open, vacate, modify, or set aside, or to enter as of a former time a decree or order of his court; or to grant a new trial, or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." But these powers, the

same subdivision further provides, "must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers."

We do not think the case made by the administratrix, upon which the surrogate sent this matter back to the referee for a further hearing and a new report, justified such an order. This matter was duly and regularly referred by the surrogate to the referee to hear and determine, a trial was had in which the administratrix had full time and opportunity to present all the evidence she deemed material; no fraud or clerical error is alleged, no such statement of newly discovered evidence is made, as courts of record deem sufficient to grant a new trial upon, and no other sufficient cause is stated. Our examination of the proceedings leads to the conviction that the referee considered the claims of the administratrix for credits quite favorably to her. He evidently was impressed with the fact that there were some expenditures by her which she was unable properly to prove, and he, therefore, could not allow; but he did make quite liberal allowances for "board, washing, mending, etc.," which possibly would have been less if the vouchers had been complete for all the other expenditures.

We are of the opinion that the surrogate ought not to favor delay and increased expense by reopening a case once regularly tried, unless the applicant makes such a case as the Code prescribes; and the same strictness, in this respect, should be observed as in the Supreme Court.

Order reversed, with ten dollars costs and printing disbursements.

LEARNED, P. J., and BOCKES, J., concurred.

Order reversed, with ten dollars costs and printing disbursements.